IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREA CODY, TRAEVION LOVE, BRITTANY BURK, and DANA WHITFIELD, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, <br><br> Defendants. <br> _____/ | CASE NO.: 3:19-CV-1935-K <br><br> Class Action |

## JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b), Rule 26, and the Court's November 26, 2019 Order Requiring Scheduling Conference and Report for Contents of Scheduling Order [D.E. 18], the parties file this Joint Report Regarding Contents of Scheduling Order.

1. **Brief statement of the claims and defenses:**

    a. Plaintiffs' Allegations:

    Plaintiffs allege that pursuant to Defendants' policies of insurance, Plaintiffs and the putative class, all of whom suffered total-losses of their insured vehicles, are owed full sales tax and full mandatory regulatory fees as part of the actual cash value of the total-loss vehicle, and that Defendants breached the Policy by underpaying the aforementioned sales tax and/or fees.

b. <u>Defendants' Assertions</u>:

Defendants claim that the payments made to Plaintiffs and putative class members comported with Defendants' obligations under the policies at issue and Texas law. Defendants deny that Plaintiffs meet the prerequisites for class certification, or that they or their counsel are adequate class representatives. Defendants further deny that Plaintiffs or the putative class are entitled to any of the relief sought. Finally, Defendants contend that Plaintiffs have failed to adequately plead a claim for relief and that Plaintiffs' Complaint should accordingly be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. **Proposed time limit to file motions for leave to join other parties:** July 1, 2020

3. **Proposed time limit to amend pleadings:** May 1, 2020

4. **Proposed time limit to file various types of motions, including dispositive motions:**

   Motion for Class Certification: March 17, 2021
   Response to Motion for Class Certification: April 19, 2021
   Reply in Support of Class Certification: May 3, 2021

   Motion for Summary Judgment: January 24, 2022
   Oppositions to Summary Judgment: February 23, 2022
   Replies in Support of Summary Judgment: March 16, 2022

5. **Proposed time limit for initial designation of experts:**

   Plaintiffs' Class Certification expert designation and declaration: January 11, 2021
   Merits expert designation and Rule 26 Report: October 15, 2021

6. **A proposed time limit for responsive designations of experts:**

   Defendants' Class Certification expert rebuttal: February 10, 2021
   Rule 26 Merits expert rebuttal: November 15, 2021

7. **Proposed time limit for objections to experts (i.e. Daubert and similar motions):**

   Class Certification experts: March 10, 2021
   Merits experts: January 24, 2022

8. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues:** Discovery should be conducted in phases. The first phase of discovery should address whether the case can properly be certified under Rule 23. If a class is certified, then the second phase will be related to the merits.

   Deadline for discovery specific to class certification: March 1, 2021
   Deadline for all fact discovery: October 15, 2021
   Deadline for expert discovery: January 10, 2022

9. **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed:** No proposed changes to discovery limitations and procedures prescribed by federal and local rules.

10. **A proposed trial date, estimated number of days required for trial, and whether a jury has been properly demanded; (The parties should note that the Court operates a three-week docket beginning the first Monday of each month. Therefore, the parties should propose a trial date which corresponds with the first Monday of the agreed upon month.):** A jury trial has been demanded. The parties estimate that 5-7 days are required for trial, and propose a trial date of June 6, 2022, which is the first Monday of June and approximately three months after briefing on summary judgment concludes.

11. **A proposed date for further settlement negotiations:** The parties propose mediation occur on or before May 14, 2021

12. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made**: The parties have no objections or proposed modifications at this time and will exchange Rule 26(a)(1) disclosures by December 19, 2019.

13. **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge:** The parties do not consent to trial before a U.S. Magistrate Judge.

14. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective (e.g. before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case**: The parties believe mediation will be most effective after a period of discovery on class certification and merits, and after this Court rules on the pending Motion to Dismiss and determines whether the case will proceed. The parties propose a mediation date of May 14, 2021, after briefing on class certification concludes.  The parties will provide the Court with the name of any mediator the parties jointly recommend to mediate the case at least 30 days in advance of any scheduled mediation.

15. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial:** The parties anticipate requesting, by separate motion, a protective order governing the production of confidential or proprietary information in this matter. The parties have agreed to exchange written discovery requests and responses via e-mail.

16. **Whether a conference with the Court is desired and the reasons for requesting a conference**: The parties do not request a conference with the Court at this time.

17. **Any other matters relevant to the status and disposition of this case, including any other orders that should be entered by the Court under Fed. R. Civ. P. 16(b), 16(c), and 26(c)**: None at this time.

Dated: December 16, 2019

                                Respectfully submitted,

| | |
|---|---|
| */s/ Roger D. Higgins, Esq.* | */s/ Jacob L. Phillips, Esq.* |
| Roger D. Higgins | *(Admitted pro hac vice)* |
| Texas Bar Number 09601500 | Edmund A/ Normand, Esq. |
| Mark J. Jung | *(Admitted pro hac vice)* |
| Texas Bar Number 24012934 | **NORMAND, PLLC** |
| Elizabeth Lee Thompson | Post Office Box 1400036 |
| Texas Bar Number 00788290 | Orlando, FL 32814-0036 |
| Ashley B. Pedigo | T: (407) 603-6031 |
| Texas Bar No. 24095731 | F: (888) 974-2175 |
| **THOMPSON, COE, COUSINS** | ed@normandpllc.com |
| **& IRONS, L.L.P.** | jacob.phillips@normandpllc.com |
| 700 N. Pearl Street, 25th Floor | service@normandpllc.com |
| Dallas, Texas 75201-2832 | |
| Telephone: (214) 871-8200 | Richard D. Daly |
| Facsimile: (214) 871-8209 | TBN 00796429 |
| rhiggins@thompsoncoe.com | JohnScott Black |
| mjung@thompconcoe.com | TBN 24012292 |
| lthompson@thompsoncoe.com | **DALY & BLACK, P.C.** |
| apedigo@thompsoncoe.com | 2211 Norfolk Street, Suite 800 |
| | Houston, TX 77098 |
| ***Attorneys for Defendants*** | T: (713) 655-1405 |
| | F: (713) 655-1587 |
| | ecfs@dalyblack.com |
| | rdaly@dalyblack.com |
| | jblack@dalyblack.com |
| | |
| | Christopher J. Lynch, P.A. |
| | *(Admitted pro hac vice)* |
| | **HUNTER & LYNCH** |
| | 6915 Red Road, Suite 208 |
| | Coral Gables, Florida 33143 |
| | T: (305) 443-6200 |
| | F: (305) 443-6204 |
| | Clynch@hunterlynchlaw.com |
| | Lmartinez@hunterlynchlaw.com |
| | |
| | ***Attorneys for Plaintiff*** |